# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alan Fabre, Cristhian Vega, and Aldo Jara, on behalf of themselves and all other persons similarly situated,<br><br>　　Plaintiffs,<br><br>　　　- vs. –<br><br>Highbury Concrete Inc., Thomas Gorman, Thomas Fogarty, and Benny Griffin,<br><br>　　Defendants. | DOCKET NO. 17-CV-984<br>(CBA) (PK)<br><br>**ORDER** |

BEFORE Kuo, J., U.S.M.J.:

**THIS MATTER** having been brought before the Court upon motion of the law firm of Samuel & Stein, attorneys for plaintiffs, seeking to conditionally certify a Fair Labor Standards Act collective action and authorize notice to be issued to all persons similarly situated and related relief, and the Court, having reviewed the said motion, the responses and replies thereto, if any, and for other good cause,

**IT IS HEREBY ORDERED** that the Motion by counsel for plaintiffs is hereby granted; and it is FURTHER ORDERED that

1. The collective action notice entitled "NOTICE OF LAWSUIT AND OPPORTUNITY TO JOIN" submitted as Exhibit G attached to the Declaration of Stein, and the opt-in form entitled "CONSENT TO JOIN COLLECTIVE ACTION AND BECOME A PARTY PLAINTIFF" submitted as Exhibit H attached to the Declaration of Stein, are hereby approved for mailing to potential collective action opt-in plaintiffs in English and Spanish;

2. The collective class of potential plaintiffs in this matter shall consist of all current and former laborers employed by Highbury Concrete, Inc., at any time on or after July 14, 2014 to the date of this Order;

3. The English and Spanish versions of the collective action notice and opt-in form shall be conspicuously posted at defendants' business in a place accessible to employees;

4. Defendants shall provide to plaintiffs' counsel, in machine-readable form, the full names and last-known addresses of all potential plaintiffs who worked in the above positions from on or after July 14, 2014 to date no later than ten (10) days after the date of this Order;

5.	For any individuals identified in Paragraph 4 for which defendants lack last-known addresses, defendants shall instead supply to plaintiffs' counsel telephone numbers and/or email addresses, to the extent defendants possess this information;

6.	Plaintiffs' counsel shall keep all information supplied pursuant to paragraph 5 strictly confidential, and shall use the information solely for the purpose of locating potential opt-in plaintiffs for the purpose of notifying them of the pendancy of this action;

7.	Plaintiffs shall mail the notice of collective action to all potential collective action opt-in plaintiffs no later than ten (10) days following defendants' disclosure of their names and last-known addresses. The notice shall be dated the exact date of the initial mailing and the deadline date set forth in the notice shall be the date exactly sixty (60) days thereafter;

8.	If any notice to any potential collective action opt-in plaintiff is returned as undeliverable, plaintiffs' counsel is permitted to mail the notice to any such persons again at any other address he may determine is appropriate. However, this shall not extend the sixty (60) day opt-in deadline from the date of the initial mailing;

9.	All potential collective action plaintiffs must opt-in no later than sixty (60) days following the date of the initial mailing of the collective action notice by returning the executed form entitled "CONSENT TO JOIN COLLECTIVE ACTION AND BECOME A PARTY PLAINTIFF" in sufficient time for it to be filed with the Court no later than sixty (60) days from the date of the initial mailing. Plaintiffs' counsel shall thereupon promptly file such executed consents with the Court.

It is on this __23____ day of __August____, 2017, **SO ORDERED**:

*Peggy Kuo*
_____
Hon. Peggy Kuo, U.S.M.J.