UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alan Fabre, Cristhian Vega, and Aldo Jara, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. –<br><br>Highbury Concrete Inc., Thomas Gorman, Thomas Fogarty, and Benny Griffin,<br><br>Defendants. | DOCKET NO. 17-CV-984<br>(CBA) (PK) |

**MEMORANDUM OF LAW OF PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AND DISMISS THE CASE, OR, IN THE ALTERNATIVE, TO VACATE DEFENDANTS' OFFER OF JUDGMENT**

SAMUEL & STEIN
David Stein
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................... 1

INTRODUCTION ............................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ..................................................................... 2

LEGAL ARGUMENT ....................................................................................................................... 3

    I.    THE OFFER OF JUDGMENT SHOULD BE ENFORCED, AND ONLY THE CLAIMS OF UNCOMPENSATED PLAINTIFFS SHOULD CONTINUE TO BE PROSECUTED ........... 3

    II.    THE OFFER OF JUDGMENT WAS VALID, AND THERE ARE NO LEGAL GROUNDS TO RESCIND IT ............................................................................................................... 6

        A.  THERE IS NO AMBIGUITY IN THE OFFER OF JUDGMENT ........................................ 6

        B.  EVEN IF THE OFFER OF JUDGMENT WERE NOT DEEMED UNAMBIGUOUS, IT SHOULD BE CONSTRUED IN FAVOR OF PLAINTIFFS RATHER THAN RESCINDED. ............................................................................................................... 10

CONCLUSION ................................................................................................................................ 13

i

TABLE OF AUTHORITIES

Cases                                                                                                                          Page

*Anjum v. J.C. Penney Co.*, 2014 U.S. Dist. LEXIS 144199 (E.D.N.Y., Oct. 9, 2014)............................5

*Charley v. Innovative Elec. Servs., LLC*, 2014 WL 5809892 (S.D.N.Y. Nov. 6, 2014) ....................6

*Erdman v. Cochise County., Ariz.*, 926 F.2d 877 (9th Cir. 1991)..........................................................12

*Glenn v. Fuji Grill Niagara Falls, LLC*, 2016 WL 1557751 (W.D.N.Y. Apr. 18, 2016).....................9

*GMA Accessories, Inc. v. BOP LLC*, 2007 WL 4563433 (S.D.N.Y. Dec. 20, 2007) ..............................8

*Gonyer v. Vane Line Bunkering, Inc.*, 2014 WL 10250861 (S.D.N.Y. Oct. 14, 2014) ......................8

*Gonyer v. Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514 (S.D.N.Y. 2014) ..........................................5

*Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268(2nd Cir. 1992).........9

*Greco v. Natow*, 2016 WL 1704136 (E.D.N.Y. April 28, 2016) ...............................................................8

*Henchen v. Renovo Servs., LLC*, 2013 WL 1152040 (W.D.N.Y. Mar. 19, 2013)................................9

*Lima v. Newark Police Dept.*, 658 F.3d 324 (3rd Cir. 2011)................................................................. 11

*Powell v. Omnicom*, 497 F.3d 124 (2nd Cir. 2007)..................................................................................8

*Ritz v. Mike Rory Corp.*, 959 F.Supp.2d 276 (E.D.N.Y. 2013) ................................................................5

*Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689 (7th Cir. 2013)........................................................ 11

*Sas v. Trintex*, 709 F. Supp. 455 (S.D.N.Y. 1989) ......................................................................................9

*Steiner v. Lewmar, Inc.*, 816 F.3d 26 (2nd Cir. 2016)............................................................................ 11

*Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*,
       298 F.3d 1238 (11th Cir. 2002).......................................................................................................... 12

*Velasquez v. Digital Page*, 842 F.Supp.2d 486 (E.D.N.Y. 2012) ............................................................5

*Waldman ex rel. Elliott Waldman Pension Tr. v. Riedinger*, 423 F.3d 145 (2nd Cir. 2005)..........9

*Ward v. Bank of New York*, 455 F.Supp.2d 262 (S.D.N.Y. 2006) ..........................................................6

*Webb v. James,* 147 F.3d 617 (7th Cir. 1998)........................................................................................ 12

Statues and Rules

29 U.S.C. § 216(b)................................................................................................................................... 1,2

Fed. R. Civ. P. 68 ............................................................................................................................*passim*

Treatises

John D. Calamari & Joseph M. Perillo, *Contracts* 166–67 (3d ed. 1987) ........................................... 9

**PRELIMINARY STATEMENT**

Defendants made an Offer of Judgment to seven plaintiffs in this case. Those seven plaintiffs accepted it. Defendants now make a motion to enforce the Offer of judgment they made. Plaintiffs agree; the Court should enforce the offer.

**INTRODUCTION**

This is a very straightforward dispute. After this wage-and-hour case was certified as an FLSA collective action over defendants' opposition, defendants made an Fed. R. Civ. P. 68 offer of judgment to seven specific plaintiffs, apparently hoping that no other parties would opt in and that the case would be dismissed. However, a few days before the seven specific plaintiffs accepted the offer, Vinicio Villa joined the case pursuant to 29 U.S.C. § 216(b). Defendants, curiously surprised that there would be an opt-in, decided to simply ignore Mr. Villa.

When plaintiffs pointed out the existence of Mr. Villa and his viable overtime claims, defendants had a sudden case of "buyer's remorse," and tried to retract their already-accepted offer. And when the Court expressed skepticism about defendants' request at a pre-motion conference, defendants came up with their current argument in the alternative: either the order should be enforced, or it should be rescinded. These two arguments essentially rely on contradictory propositions: the first deems the Rule 68 offer unambiguous, while the second contends that it is ambiguous. Remarkably, in service of neither position do they ever bother to quote the language of their offer.

Plaintiffs agree with defendants' first proposition: the offer was unambiguous, and should be enforced – as written. Judgment should be entered in favor of Alan Fabre, Cristhian Vega, Aldo Jara, Octavio Ruiz, Hugo Jimenez, Fabricio Quito, and Angel Gonzalez,

1

and the litigation should proceed on behalf of the fifteen other individuals who have become plaintiffs in this case, whose claims have not yet been addressed.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

In February 2017, three plaintiffs filed a wage-and-hour lawsuit against defendants, asserting overtime violations and related New York Labor Law claims. Over the next five months, four other individuals filed consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b).

During that time period, defendants made several inquiries about settling the case, but plaintiffs explained repeatedly that they were interested in negotiating only on a class-wide basis, and not on behalf of just the seven people who had already become plaintiffs. Plaintiffs explained that they were prepared to enter into such negotiations, but only after defendants produced class-wide discovery that would enable plaintiffs to assess the total value of the case. And while defendants purported to be willing to discuss such a broad resolution, they refused to take the first step of stipulating to conditional collective certification. (Because the standard for doing so is so lenient, we commonly reach agreement with FLSA defendants to stipulate to the same in order to economize for both sides.)

Because defendants would not agree to collective action treatment of this case, plaintiffs filed a motion for conditional collective certification during that time period. Magistrate Judge Kuo granted this motion on August 23, 2017, ordering defendants to produce an employee list within ten days (i.e., by September 5, 2017).

Instead of producing that list, on August 25 defendants served an offer of judgment

---

[1] These facts are supported by the Declaration of David Stein submitted herewith.

on "Alan Fabre, Cristhian Vega, and Aldo Jara, and opt-in plaintiffs Octavio Ruiz, Hugo Jimenes, Fabricio Quito, and Angel Gonzalez ("Plaintiffs")." This offer of judgment was unsolicited, and unconnected to any of the preliminary discussions relating to settlement that the parties had engaged in. The terms of that offer of judgment were simple: in order to resolve all claims for relief requested by those plaintiffs:

> [T]o allow judgment to be taken against them in the gross amount of Three Hundred Thousand dollars ($300,000.00), inclusive of all wages, benefits, and any and all other monetary damages (including liquidated damages), or other relief of any nature whatsoever, plus reasonable attorney's fees, costs and expenses incurred by Plaintiffs' attorney, to the date of this offer, in bringing this claim on behalf of Plaintiffs…

The offerees, pursuant to Rule 68, had fourteen days – until September 8, 2017 – to collectively accept the offer. (Defendants, citing the installation of a new computer system, postponed their production of the employee list until after that date.) The plaintiffs considered the offer, and on September 8, 2017 – after all seven had the opportunity to discuss the matter with each other and with counsel – they filed their acceptance.

But before that time, on September 5, 2017, Vinicio Villa became a party plaintiff in this case. (Importantly, the seven offerees did not strategically delay filing their offer of acceptance until after Mr. Villa joined the case. Rather, Mr. Villa joined the case before the seven offerees made their decision.) Defendants did not protest when Mr. Villa did so that there was something improper about his entry into the case given the still-viable offer of judgment. Nor did they revise their offer of judgment to encompass his claims, or extend a separate offer of judgment to him.

Instead, defendants announced – only *after* plaintiffs inquired about the overdue employee list, that "the case is settled" and that they would not be complying with the order to produce an employee list. This motion practice ultimately followed (with fourteen

other plaintiffs joining this case in the interim.)

## LEGAL ARGUMENT

### I. THE OFFER OF JUDGMENT SHOULD BE ENFORCED, AND ONLY THE CLAIMS OF UNCOMPENSATED PLAINTIFFS SHOULD CONTINUE TO BE PROSECUTED.

As indicated above, plaintiffs do not disagree with defendants' primary contention that their accepted offer of judgment should be enforced. It should be – according to its terms. Defendants made an offer of judgment to seven specified individuals – Alan Fabre, Cristhian Vega, Aldo Jara, Octavio Ruiz, Hugo Jimenez, Fabricio Quito, and Angel Gonzalez – those seven individuals accepted said offer, and thus judgment should be entered in their favor and their claims dismissed. But of course other individuals who are plaintiffs in this case, and whose claims are still unresolved, have every right to prosecute those claims after the claims of some plaintiffs are dismissed.

In their memorandum of law, defendants argue that they made an "offer of judgment to plaintiffs and those similarly situated." They claim that they made a "class-wide offer." They contend that they made an "offer to settle the entire case." They profess that they "made an offer to settle the case on a class-wide basis." They insist that plaintiffs "accepted that offer on behalf of themselves and all those similarly situated."

Every one of those assertions misstates the record. As quoted above, defendants did **not** make an offer of judgment to "plaintiffs and those similarly situated." Neither the word "class" nor the words "similarly situated" appear in the text of the offer of judgment. Defendants made an offer of judgment to "Alan Fabre, Cristhian Vega, and Aldo Jara, and opt-in plaintiffs Octavio Ruiz, Hugo Jimenes, Fabricio Quito, and Angel Gonzalez ("Plaintiffs")." Defendants *could* have made an offer of judgment to unspecified "plaintiffs"

4

or "all plaintiffs" (either which might have been ambiguous) or to "plaintiffs and those similarly situated." They did not. To be sure, it is unclear what an offer of judgment to "plaintiffs and those similarly situated" would actually *mean*; plaintiffs do not have the power at this stage to bind others to a settlement, and any attempt to settle on a class-wide basis would require court approval. (Are defendants contending that the monetary offer of $300,000 is meant to be distributed to "those similarly situated"? They do not say so, but if not, in what way do they argue that the offer was extended to these other people? Defendants appear to want to argue that they get the benefit of the dismissal of Vinicio Villa's claims, and those of fourteen additional plaintiffs herein, without having to provide any consideration to them at all.)

Defendants do not make a new argument here. It is common for defendants in class and collective action cases to attempt to "pick off" the named plaintiffs in an effort to moot the cases and cause them to be dismissed. But it is beyond peradventure at this point that the presence of additional opt-in plaintiffs defeats any such attempt. "Consequently, when (as in this case) new collective action plaintiffs join the lawsuit before entry of judgment, the case is not moot." *Anjum v. J.C. Penney Co.*, 2014 U.S. Dist. LEXIS 144199 at *4 (E.D.N.Y., Oct. 9, 2014); *Gonyer v. Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514, 517 (S.D.N.Y. 2014) ("[E]ven an accepted offer of judgment does not terminate a case unless it satisfies all damages for all plaintiffs."); *Velasquez v. Digital Page*, 842 F.Supp.2d 486, 488 (E.D.N.Y. 2012) (noting that an FLSA case is not moot if a Rule 68 offer does not include all opt-in plaintiffs); *Ritz v. Mike Rory Corp.*, 959 F.Supp.2d 276, 279-280 (E.D.N.Y. 2013) (same, and collecting cases).

5

Defendants complain that if plaintiffs' position is adopted, then the incentive of defendants to try to short circuit class and collective action litigation will be vitiated. Perhaps that is so. But that is a feature, not a bug, in this context. "It would be wasteful to allow employers to delay ... by picking off named plaintiffs through Rule 68 offers and ignoring opt-in plaintiffs. Doing so forces would-be opt-in plaintiffs either to (a) file entirely new suits, an expensive and inefficient proposition, or else (b) all be joined as named plaintiffs from the beginning, which seems to be an end-run around the FLSA's collective action scheme." *Charlery v. Innovative Elec. Servs., LLC*, 2014 WL 5809892, at *3 (S.D.N.Y. Nov. 6, 2014). Therefore, "courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment 'at the earliest possible time.'" *Ward v. Bank of New York*, 455 F.Supp.2d 262, 268 (S.D.N.Y. 2006). That is what defendants tried to do here: they made their offer of judgment just two days after Magistrate Judge Kuo certified this case for collective action treatment.

The reasons why courts are skeptical of that tactic ought to be obvious. First, such attempts are an effort to thwart the ability of mistreated employees to collectively assert their rights. Second, the tactic of "picking off" plaintiffs in representative actions such as this would not even necessarily achieve the goal of avoiding litigation. This case is the perfect example: if defendants' position were correct that this case is over, then Vinicio Villa would simply re-file the same wage-and-hour suit (*mutatis mutandis*) the next day, and the other fourteen plaintiffs would opt in to Mr. Villa's suit. No litigation would be avoided. (And, indeed, because defendants would likely contest collective certification, again, in that subsequent Villa case, the exact same issues would need to be re-litigated to allow that case to proceed, thus serving to multiply proceedings rather than shorten them.)

6

Defendants herein made a formal offer to resolve the claims of seven people; that offer was accepted, and those claims should therefore be deemed resolved. But defendants never said one word about the claims of any other plaintiffs, and there is no basis for dismissing their claims, which are not moot.

## II. THE OFFER OF JUDGMENT WAS VALID, AND THERE ARE NO LEGAL GROUNDS TO RESCIND IT.

### A. THERE IS NO AMBIGUITY IN THE OFFER OF JUDGMENT.

When the defendants made their offer of judgment to seven specific plaintiffs, those individuals reviewed the terms of the offer, carefully considering whether the relief offered was reasonable and fair. There was no confusion about what defendants' offer was: $300,000 total, to be split among the seven offerees, plus attorneys' fees and costs. They considered the benefits and risks of accepting or rejecting a Rule 68 offer, and made the decision to accept it. All parties agree that an acceptance of a Rule 68 offer forms a contract.

Defendants now claim in the alternative that there was a "lack of mutual assent," and therefore this contract is actually unenforceable. But defendants do not actually quote any language of the Offer about whose meaning the parties disagree, or identify any actual ambiguity in the four corners of the document. The offer says that seven specific individuals, identified by name, will have their claims resolved for a collective sum certain (plus attorneys' fees). Those seven people agreed to accept that offer. There is no ambiguity there, and therefore no cause to find a lack of mutual assent.

In an FLSA case presenting almost identical facts to this one – an offer of judgment with nearly identical language to the Highbury defendants' offer of judgment and opt-in notices that were filed between the offer and acceptance – Judge Sullivan rejected defendants' attempt to rescind based on the claim that they only wanted to settle if such a

7

settlement ended the case entirely; he found that the language was clear:

> The first sentence [of the offer of judgment] is explicit that the claims for which Defendant offers judgment are the claims asserted by Plaintiff Gonyer individually. The second sentence refers to the same claims mentioned in the first sentence, and therefore Plaintiff Gonyer's acceptance of the Offer represented full satisfaction only of his individual claims. Certainly, Defendant and its counsel could have made its Rule 68 Offer contingent on the assertion of no additional claims against Defendant by similarly situated plaintiffs. But Defendant did not do so.

*Gonyer v. Vane Line Bunkering, Inc.*, 2014 WL 10250861, at *2 (S.D.N.Y. Oct. 14, 2014).

Although defendants argue otherwise, what they are really complaining about is not the interpretation of the offer of judgment, but of their misjudgment of the consequences of the offer being accepted. But that argument is unavailing; in a case presenting similar facts – a party wanting to rescind the acceptance of an offer of judgment in an FLSA case because new plaintiffs had been identified – the court emphatically rejected the request, stating "'When a party makes a deliberate, strategic choice to settle, a court cannot relieve [her] of that choice simply because [her] assessment of the consequences was incorrect.' *Powell v. Omnicom*, 497 F.3d 124, 128 (2nd Cir. 2007)." *Greco v. Natow*, 2016 WL 1704136, at *1 (E.D.N.Y. April 28, 2016). *See also GMA Accessories, Inc. v. BOP LLC*, 2007 WL 4563433, at *4 (S.D.N.Y. Dec. 20, 2007) (mutual assent was not lacking merely because of a post-acceptance claim by defendants that it intended the offer to mean something different from offer's "chosen language").

The only item defendants offer in opposition is their claim – one that is not even supported by a declaration from defendants themselves – that they secretly intended this offer of judgment to encompass the claims of individuals who were not identified or referred to in any way in the text of the offer of judgment. They ask the Court to look at unrelated emails to make that determination. But that will not do; it is a general principle

8

of contract law that the court looks to the *contract* to identify ambiguity. "[I]f a writing, or the term in question, appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature." *Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 272 (2nd Cir. 1992) (citing John D. Calamari & Joseph M. Perillo, *Contracts* 166–67 (3d ed. 1987)). *Glenn v. Fuji Grill Niagara Falls, LLC*, 2016 WL 1557751, at *4 (W.D.N.Y. Apr. 18, 2016) ("majority of precedent in this Circuit" rejects the holding of *Henchen v. Renovo Servs., LLC*, 2013 WL 1152040 (W.D.N.Y. Mar. 19, 2013) that a lack of mutual assent sufficient to thwart contract formation can be discerned from outside evidence around the contract.)

"[I]f a contract is unambiguous on its face, the parties' rights under such a contract should be determined solely by the terms expressed in the instrument itself rather than from extrinsic evidence as to terms that were not expressed or judicial views as to what terms might be preferable. Importantly, the determination of whether contract language is unambiguous 'is made by the court with reference to the contract alone.'" *Waldman ex rel. Elliott Waldman Pension Tr. v. Riedinger*, 423 F.3d 145, 149 (2nd Cir. 2005) (internal citations omitted). And courts have applied that standard in the offer of judgment context. "To subject Rule 68 offers to such collateral proceedings would undermine entirely the purpose of the rule." *Sas v. Trintex*, 709 F. Supp. 455, 458 (S.D.N.Y. 1989).

In any case, the emails referred to by defendants simply do not support their argument. Their reasoning is that since plaintiffs had at earlier points stated they would only settle on a class-wide basis, and plaintiffs later accepted defendants' offer of judgment, therefore plaintiffs must have been accepting the offer on a class-wide basis. But that does

9

not follow in the slightest. Emails reflecting plaintiffs' *refusal* to settle on behalf of only seven plaintiffs rather than an entire class of potentially hundreds of employees cannot logically be read as expressing an understanding that an offer to seven plaintiffs was actually an offer to the entire class.

And, as the Court can see, these emails were not about the interpretation of the offer of judgment, and the offer of judgment was not a settlement offer that was the culmination of an earlier round of settlement negotiations as reflected in the emails. (Indeed, the emails show that there were no earlier settlement negotiations.) Rather, it was a separate Rule 68 offer, unrelated to the emails. While the plaintiffs had the option during negotiations to accept or reject a settlement on a class-wide basis (subject, obviously, to court approval), the offerees did not have the option to accept or reject on a class-wide basis. They could only accept or reject according to its terms. If plaintiffs felt that the value of the offer of judgment reasonably approximated their full damages – and they did, as their acceptance of the offer illustrates – the operation of Rule 68 gave them little choice but to accept, notwithstanding their desire to proceed as a class. But all this means is that they were accepting the offer as written, not that they were accepting defendants' unexpressed hope that no other parties would opt in.

### B. EVEN IF THE OFFER OF JUDGMENT WERE NOT DEEMED UNAMBIGUOUS, IT SHOULD BE CONSTRUED IN FAVOR OF PLAINTIFFS RATHER THAN RESCINDED.

Notably, defendants do not cite a single case in which an offer of judgment to a specific plaintiff was deemed ambiguous as to whether it applied to a different plaintiff; virtually all the cases cited by defendants (and virtually all the caselaw on the subject) relate to disputes over whether offers of judgment that were silent on the issue of

10

attorneys' fees included such fees or not. The offer of judgment issued by defendants in this case has a straightforward interpretation.

But even if it were deemed ambiguous in some way, that would not redound to defendants' benefit. Defendants cite two Eighth Circuit cases in which Rule 68 offers were rescinded because of ambiguity as to whether attorneys' fees were included in the offers. But the Second Circuit approaches that situation differently. When an offer of judgment is ambiguous (including as to attorneys' fees), the court will construe those ambiguities against the party making the offer. *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31-32 (2nd Cir. 2016). This is because "Rule 68 offers of judgment … are different from other contract offers in that they carry legal consequences: a party that rejects a Rule 68 offer may be subject to the cost-shifting provision of Rule 68(d) if it does not obtain a more favorable judgment." *Id.* at 31.

Other circuits follow the Second Circuit's approach. In *Lima v. Newark Police Dept.*, 658 F.3d 324, 331 (3rd Cir. 2011), the Third Circuit refused to allow the defendant to rescind an accepted offer of judgment based on disagreement over whether it included attorneys' fees; it expressly rejected the defendant's attempt to rely on extrinsic evidence about the course of negotiations. Indeed, it even rejected the defendant's citation to the very email to which the Rule 68 offer had been attached, explaining that the email's description of the defendant's subjective views was a statement of their "'intention and expectation,' not a term of the Offer." *Id. See also Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013) (because consequences of a Rule 68 offer are so great, offering

11

defendant bears burden of ambiguity)[2]; *Erdman v. Cochise County., Ariz.*, 926 F.2d 877, 879-880 (9th Cir. 1991) (construing offer against defendants while rejecting defendants' accusation that plaintiff's allegedly having "laid in waiting" to trick defendants was grounds for rescission); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002) (ambiguity must be resolved against drafter).

Note that in each of those cases, the courts upheld the offers of judgment and construed them against the defendants even though in so doing, the result was that the defendants suffered far greater financial exposure than they had intended. (Specifically, they had to pay attorneys' fees on top of the sums provided for in their respective offers of judgment.) If not injustice, those were arguably harsh results. But in the instant case, defendants face *no* additional exposure if they are held to the language of the offer of judgment that they themselves drafted. As noted, *supra*, if the additional plaintiffs were foreclosed from participating in this case, they could file a separate action and obtain the same results that they could in this case (whatever those results might be).

Defendants have not identified a single case in which an argument that the opting in of an additional plaintiff constitutes grounds to void an accepted offer of judgment. They have not given any explanation of how the actual words of the offer of judgment could be interpreted in any way other than the way plaintiffs suggest. Nor have they explained why they should be relieved of the responsibility for making the strategic choice to draft the offer of judgment in the manner that they did. They offer nothing to justify rescission except their own subjective disappointment as to the outcome. But that does not constitute

---

[2] Indeed, the Seventh Circuit holds that the remedy of rescission is *never* available for Rule 68 offers because of the "unique peril" presented to recipients of Rule 68 offers. *Webb v. James,* 147 F.3d 617, 621 (7th Cir. 1998)

12

legal grounds to abrogate a contract.

## CONCLUSION

This case was certified as a collective action by Magistrate Judge Kuo on August 23, 2017. In the four months since then, because of defendants' tactical maneuvering, not a single act has been taken to advance this case, and the statute of limitations continues to run on the claims of employees who have not yet been notified of their rights or the existence of this action despite Magistrate Judge Kuo's Order. And although defendants made an offer of judgment for $300,000 plus attorneys' fees on August 25, 2017, an offer that was accepted back on September 8, in the almost four months since then, the plaintiffs who accepted that offer have not seen a penny.

Defendants took a calculated risk that they could render the case moot, ending it, by making an offer of judgment. However, another employee who claimed to be a victim of the same mistreatment came forward before the case was dismissed, and therefore defendants' gamble did not pay off. That may represent bad luck for defendants, but it does not constitute grounds to either enforce a different contract than the one that was entered into or to rescind the contract entirely.

Plaintiffs respectfully suggest that court should enforce the offer of judgment; enter judgment in favor of, and dismiss the claims of, the seven offerees; and then turn the case back to Magistrate Judge Kuo for further proceedings on behalf of the fifteen plaintiffs whose claims have not yet been resolved.

Respectfully submitted,

By: *[signature]*

SAMUEL & STEIN
David Stein

13

               38 West 32nd Street, Suite 1110
               New York, New York 10001
               (212) 563-9884

               Attorneys for Plaintiffs

Dated: December 28, 2017