UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ALAN FABRE, CHRISTIAN VEGA, and ALDO :
JARA, on behalf of themselves and all other :
persons similarly situated, : **MEMORANDUM AND ORDER**
: 17-CV-984 (CBA)(PK)
Plaintiffs, :
:
-against- :
:
HIGHBURY CONCRETE INC., THOMAS :
GORMAN, THOMAS FOGARTY, and BENNY :
GRIFFIN, :
:
Defendants. :
------------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

Plaintiffs Alan Fabre, Cristhian Vega, Aldo Jara, Octavio Ruiz, Angel Gonzalez, Fabricio Quito, and Hugo Jimenez ("Plaintiffs") brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 650 *et seq.*, against Defendants Highbury Concrete Inc., Thomas Gorman, Thomas Fogarty, and Benny Griffin ("Defendants"). (Compl., Dkt. 1.)  Before the Court on referral from the Honorable Carol Bagley Amon is Plaintiffs' Motion for Attorneys' Fees (the "Motion"). (*See* Dkt. 53; February 13, 2018 Order.)  For the reasons discussed below, the Motion is granted.  Plaintiffs are awarded $25,697.50 in attorneys' fees and $646.74 in costs, for a total of $26,344.24.

## PROCEDURAL HISTORY

Plaintiffs Alan Fabre, Cristhian Vega, and Aldo Jara filed the Complaint on February 22, 2017, alleging that Defendants failed to pay overtime wages as required by the FLSA and NYLL and to provide them with wage notices required by NYLL § 195(3). (*See* Compl. at 2.)  The undersigned held an Initial Conference on May 5, 2017 and the parties began discovery. (*See* May 5, 2017 Mins., Dkt. 13.)  Over the course of March to July 2017, Octavio Ruiz, Angel Gonzalez, Fabricio Quito,

1

and Hugo Jimenez consented to join the action as opt-in Plaintiffs. (*See* Dkts. 11, 16, 17, 21.) On July 14, 2017, Plaintiffs filed a motion for collective action certification, which the Court partially granted. (*See* Dkts. 18-20; August 23, 2017 Min. Order, Dkt. 25.)

On August 25, 2017, Defendants submitted a Rule 68 offer of judgment (the "Offer of Judgment") to Plaintiffs for $300,000.00, "inclusive of all wages, benefits, and any and all other monetary damages (including liquidated damages), or other relief of any nature whatsoever, plus reasonable attorney's fees, costs and expenses incurred by Plaintiffs' attorney, to the date of this offer . . . ." (Offer of J. at 1, Dkt. 29-1.) A footnote to this statement indicated that Defendants reserved "the right to litigate the issue of reasonable attorney's fees before this Court." (*Id.* n.1.) The Offer of Judgment specifically named Plaintiffs Alan Fabre, Cristhian Vega, Aldo Jara, Octavio Ruiz, Angel Gonzalez, Fabricio Quito, and Hugo Jimenez. (*Id.*) Those Plaintiffs accepted the Offer of Judgment on September 8, 2017. (Notice of Acceptance with Offer of J., Dkt. 29.)

After the Notice of Acceptance was filed, other plaintiffs continued to opt in to the collective action. (*See, e.g.*, Dkts. 31-33.) On October 2, 2017, Defendants indicated their intent to move to vacate the Offer of Judgment on the ground that "the reason for making this offer was . . . to resolve all claims of all Plaintiffs and opt-in Plaintiffs and to settle the case." (Defs.' Letter Mot. at 1, Dkt. 37.) Plaintiffs responded that the Offer of Judgment only resolved the claims of the Plaintiffs named therein. (*See* Pls.' Resp. at 2, Dkt. 39.) Defendants subsequently moved to enforce the Offer of Judgment as to all Plaintiffs and opt-ins, or to vacate the Notice of Acceptance. (*See* Dkt. 49.) On January 18, 2018, the Court ruled that the Offer of Judgment was "unambiguous in its terms: It is a contract between Defendants and the seven Plaintiffs listed in the Offer of Judgment – **Alan** Fabre, Cristhian Vega, Aldo Jara, Octavio Ruiz, Hugo Jimenez, Fabricio Quito, and Angel Gonzalez – not between Defendants and the entire class of Plaintiffs." (January 18, 2018 Min. Order.) The Court entered judgment in favor of those seven Plaintiffs and the action continued as

2

to the remaining opt-in plaintiffs. (*Id.*)

On January 31, 2018, Plaintiffs filed the Motion for Attorneys' Fees, seeking only those fees incurred on behalf of the Plaintiffs named in the Offer of Judgment. (*See* Dkts. 53-55; Stein Decl. ¶ 12, Dkt. 54.) The Honorable Carol Bagley Amon referred the Motion to the undersigned. (February 13, 2018 Order.)

Defendants subsequently filed a motion to substitute counsel, which the Court granted on February 12, 2018. (*See* Notice of Consent to Change Attorney, Dkt. 57; February 12, 2018 Order.)

## **DISCUSSION**

### I. **Attorneys' Fees**

#### A. *Post-Offer Attorneys' Fees*

Defendants partially oppose the Motion for Attorneys' Fees. (Defs.' Opp'n Mem., Dkt. 65.) Although Defendants do not object to the reasonableness of the requested fees, they argue that Plaintiffs are only entitled to fees up to their acceptance of the Offer of Judgment on September 8, 2017. They contend that any post-offer fees incurred in opposing Defendants' motion to vacate are "outside the terms of the 'deal' and therefore should not be enforced against Defendants." (*Id.* at 3.) Defendants also assert that if fees are granted beyond the date of the offer, their prior counsel, rather than Defendants themselves, are liable for such fees, because the motion to vacate was "triggered by nothing other than Defendants' former attorneys attempting to cover-up and cure their own drafting errors" in the Offer of Judgment. (*Id.* at 5.) Defendants reserve "all rights to pursue a potential professional malpractice claim against prior counsel." (*Id.* at 2.)

Plaintiffs concede that the Offer of Judgment references attorneys' fees "to the date of [the] offer," but maintain that they are entitled to the fees "necessarily incurred" to enforce the Offer of Judgment. (Pls.' Reply Mem. at 3, Dkt. 67.) Plaintiffs analogize these fees to "'fees-on-fees' – fees incurred in preparing a fee application after an offer of judgment is accepted." (*Id.*) Since attorneys'

3

acts are binding on their clients, Plaintiffs suggest that Defendants could separately seek reimbursement of the post-offer fees from their former counsel rather than contest payment on this Motion. (*Id.* at 5-6.)

The underlying purpose of Rule 68 is "to encourage settlement and avoid litigation" by prompting the parties to balance the costs of litigation against their likelihood of success on the merits. *Marek v. Chesny*, 473 U.S. 1, 5 (1985). The risk-shifting provision under Rule 68(d) exemplifies this purpose, requiring a plaintiff who declines an offer of judgment and ultimately receives a less favorable judgment to pay the costs incurred after the offer. *See* Fed. R. Civ. P. 68(d). Similar to other settlement agreements, Rule 68 offers of judgment "are construed according to ordinary contract principles." *Goodheart Clothing Co., Inc. v. Laura Goodman Enter., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992).

The fees Plaintiffs seek here are not fees-on-fees; rather, they seek fees incurred in enforcing the Offer of Judgment. The agreement is silent as to such fees, simply providing that after Plaintiffs' acceptance, "any party may file the Offer of Judgment" with the Court, and "the Court is authorized to enter judgment in accordance therewith." (Offer of J. at 2.) Plaintiffs complied with this provision. Defendants continued the litigation by filing their motion to vacate. Plaintiffs did not choose to incur these unanticipated expenses—Defendants obligated them to do so. Therefore, as a matter of equity, Plaintiffs are entitled to the fees incurred to defend against Defendants' post-offer challenge.

Defendants present no support for the alternative argument that their prior counsel must pay Plaintiffs' post-offer fees. The Second Circuit has "consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload." *U.S. v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976) (collecting cases). Having

4

selected prior counsel as their representative, Defendants "cannot now avoid the consequences of the acts or omissions of this freely selected agent" in contravention of "our system of representative litigation, in which each party is deemed bound the by the acts of his lawyer-agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). While Defendants reserve their right to pursue a malpractice claim, that matter is not before the Court.

Accordingly, Plaintiffs are entitled to reasonable attorneys' fees and costs incurred up to January 18, 2018, the date of the Court's denial of Defendants' motion to vacate.

### B. Reasonable Attorneys' Fees

Plaintiffs have supplied contemporaneous timesheets and a summary of counsel's qualifications. (Stein Decl.; *id.* Ex. A, Dkt. 54-1; *id.* Ex. B, Dkt. 54-2.) As noted above, Defendants do not challenge the reasonableness of the requested fees. (*See* Defs.' Opp'n Mem. at 3.) Nevertheless, the Court must review the fees for reasonableness. *See Riley v. City of New York*, No. 10-CV-2513 (MKB), 2015 WL 9592518, at *1 (E.D.N.Y. Dec. 31, 2015).

The lodestar, "the product of a reasonable hourly rate and the reasonable number of hours required by the case," is "a presumptively reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Scharff v. Cty. of Nassau*, No. 10-CV-4208 (DRH)(GRB), 2016 WL 3166848, at *3 (E.D.N.Y. May 20, 2016), *R&R adopted*, 2016 WL 3172798 (E.D.N.Y. June 6, 2016). To calculate the lodestar, the Court exercises "broad discretion to determine both the reasonable number of compensable hours and the reasonable hourly rate." *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 203 (E.D.N.Y. 2006). The party applying for fees must provide contemporaneous timesheets to document counsel's work, and must support the hourly rates it claims with evidence of counsel's expertise and prevailing market rates. *Riley*, 2015 WL 9592518, at *1.

#### i. Hourly Rate

To determine a reasonable hourly rate, the district court considers "rates prevailing in the

5

community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994). The "community" is generally the district in which the reviewing court sits. *Scharff*, 2016 WL 3166848, at *4. A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The district court must "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* (emphasis in the original). Those factors include "the attorney's experience and expertise, the novelty and complexity of the issues presented, and the overall success achieved in the case." *Brady*, 455 F. Supp. 2d at 204; *see also Chen v. Cty. of Suffolk*, 927 F. Supp. 2d 58, 71 (E.D.N.Y. 2013). In recent years, courts in this District have awarded hourly rates of $300 to $450 for partners and $100 to $325 for associates. *See, e.g., John v. Demaio*, No. 15-CV-6094 (NGG)(CLP), 2016 WL 7410656, at *1-2 (E.D.N.Y. Dec. 22, 2016); *Finkel v. Athena Light & Power, LLC*, No. 14-CV-3585 (DLI)(PK), 2016 WL 4742279, at *10 (E.D.N.Y. Sept. 11, 2016).

Plaintiffs were represented in this action by partner David Stein and senior associate David Nieporent. (Stein Decl. ¶¶ 1, 7.) Stein, who requests an hourly rate of $375, is a founding partner of Samuel & Stein, a New York firm that specializes in wage-and-hour litigation. (*Id.* ¶¶ 14, 16.) He has practiced law since 1990, and has focused almost exclusively on FLSA and NYLL lawsuits, including federal wage-and-hour collective and class actions, since 2008. (*Id.* ¶ 14.) His hourly rate falls within the range for partners in this District and is reasonable in light of his experience and expertise. Stein appropriately billed at a reduced rate for travel time and tasks that did not require "the expertise of a partner." (*Id.* ¶ 11; *id.* Ex. A at 3, 12.) In addition, for the purpose of this application, he "no-charged" time spent on the claims of opt-in plaintiffs who were not included in

6

the Offer of Judgment. (Stein Decl. ¶ 12; *id.* Ex. A.)

Nieporent requests an hourly rate of $325. (Stein Decl. ¶ 16.) He has practiced law since 2001, focusing on wage-and-hour litigation since 2008, and has second-chaired several trials in federal court. (*Id.* ¶ 15.) His requested hourly rate falls within the range for senior associates in this District and is reasonable given his experience and the level of complexity of this case.

   ii.  *Hours Billed*

"[T]he district court should exclude excessive, redundant or otherwise unnecessary hours . . . ." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "[T]he Court's goal is to conduct a meaningful review of the hours claimed" by each attorney. *Riley*, 2015 WL 9592518, at *3. Here, Plaintiffs' contemporaneous time records show a reasonable amount of time expended on each task, for a total of 78 hours. (Stein Decl. Ex. A.) Counsel did not bill for administrative tasks or engage in "block billing." The time entries do not overlap or otherwise suggest redundancy. The Court finds the hours billed to be reasonable.

Accordingly, the Court awards **$25,697.50 in attorneys' fees.**

## II. Costs

Plaintiffs also seek $646.74 in costs, for the filing fee in this District ($400.00), service of process ($166.00), travel ($22.00), and the transcript of the pre-motion conference ($58.74). Counsel has provided adequate supporting documentation. (Stein Decl. ¶ 19; *id.* Ex. B.)

Accordingly, the Court awards **$646.74 in costs.**

## CONCLUSION

Based on the foregoing, Plaintiffs' fee application is granted.  Plaintiffs are awarded $26,344.24 in attorneys' fees and costs.


Dated:  Brooklyn, New York
        May 24, 2018

                                **SO ORDERED:**

                                *Peggy Kuo*
                                PEGGY KUO
                                United States Magistrate Judge