

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536 fax

New York

Delaware

Maryland

Texas

Florida

Jason R. Finkelstein
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6293
Writer's Direct Fax: 201.678.6293
Writer's E-Mail: JFinkelstein@coleschotz.com

June 10, 2020

**Via Electronic Case Filing**

Hon. Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Fabre, et al. v. Highbury Concrete, Inc., et al.
     Dkt. No. 17-cv-984 (CBA) (PK)

Dear Judge Kuo:

  As the Court is aware, this Firm represents Defendants Highbury Concrete, Inc. ("Highbury"), Thomas Gorman, Thomas Fogarty and Benny Griffin (collectively, the "Highbury Defendants"), in this litigation. This letter is respectfully submitted on behalf of the Highbury Defendants to request a pre-motion telephonic conference with the Court to resolve a discovery dispute and to discuss potential issue preclusion, or alternatively to request an extension of time to complete joint-employer discovery and an adjournment of the June 23, 2020 settlement conference.

  As the Court may recall, on April 24, 2020, the parties submitted a joint request for an extension of time to complete joint employer discovery in advance of the settlement conference before Your Honor (previously scheduled for May 6, 2020). More specifically, the Highbury Defendants expressed their intent to serve a request for documents upon all named and opt-in Plaintiffs concerning their respective relationships, if any, with Highbury, RG Labor Services, Inc. and The Laura Group Inc. Plaintiffs expressed intent to serve certain third-party subpoenas for documents. At the time, the parties (both Plaintiffs and the Highbury Defendants) articulated difficulties in timely completing such joint employer discovery as a result of the COVID-19 pandemic. In response to the parties' request, via Order dated April 27, 2020, the Court extended the joint employer discovery deadline through May 31, 2020, adjourned the settlement conference until June 23, 2020, and set June 15, 2020 as the deadline for submitting *ex parte* settlement statements to the Court in advance thereof.

  The very next day, on April 28, 2020, the Highbury Defendants served their joint employer-related document requests upon Plaintiffs (which, notably, were in the same form as those initially submitted to the Court on April 9, 2020). A true and correct copy of those discovery demands are

annexed hereto as **Exhibit A**. After receiving no response to the discovery demands or a request for an extension of time, the undersigned counsel sent a follow-up email to Plaintiffs' counsel on June 2, 2020, requesting a status update. Having heard nothing further, I then followed up via email again on June 5, 2020 and June 8, 2020 requesting a meet and confer (as required by Your Honor's Individual Practice Rules at VI.A.1). Notably, in the June 8 email, I advised that if Plaintiffs' counsel still refused to respond to our inquiries, we would have no choice but to write to the Court requesting guidance. As of the filing of this letter, Plaintiffs' counsel has curiously continued in its refusal to interact or meet and confer about this discovery matter.

Based upon the foregoing, the Highbury Defendants respectfully request a pre-motion telephonic conference per Individual Practice Rule VI.A.1.b to address the current discovery dispute and possible issue preclusion against Plaintiffs. While we acknowledge letters of this nature are required to be submitted jointly, we respectfully submit that is not practical while Plaintiffs' counsel continues to ignore our requests to discuss the issue. From the Highbury Defendants' perspective, the requested joint-employer discovery is also central and critical to preparing a legitimate, good-faith settlement statement and calculation. For that reason, this request likewise serves as an alternative request for the Court to extend the period for completing joint-employer discovery (to be discussed during the requested conference), and to adjourn the settlement conference and the date for submitting settlement statements, all of which are materially impacted by Plaintiffs' failure to produce the demanded joint-employer discovery. Counsel will make ourselves available for the requested telephone conference at the Court's convenience.

We thank the Court in advance for its consideration of this request.

Respectfully submitted,

*/s/ Jason R. Finkelstein*

Jason R. Finkelstein

JRF:bf
cc: All Counsel of Record (via ECF)