**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Vinicio Villa, Jesus Salvador Gomez, and German Ventura, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. –<br><br>Highbury Concrete Inc., Thomas Gorman, Thomas Fogarty, Benny Griffin, RG Labor Services Inc., and The Laura Group Inc.<br><br>Defendants. | DOCKET NO. 17-CV-984 (PK)<br><br>**ORDER** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion for Preliminary Approval").

**I.   Background and Procedural History**

1. The parties' proposed settlement resolves all claims in the action entitled *Villa et al. v. Highbury Concrete Inc., et al.*, Civil Action No. 17-cv-984 (PK), which is currently pending before this Court.

2. The Plaintiffs in this action allege that Defendants, *inter alia*, failed to pay them overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL").

3. On February 22, 2017, the original named plaintiffs Alan Fabre, Cristhian Vega, and Aldo Jara commenced this action as a putative class action under Fed. R. Civ. P. 23 and as a putative collective action under the FLSA.

4. After their claims were resolved, an amended complaint was filed on March 1, 2018 with substitute Named Plaintiffs Vinicio Villa, Jesus Salvador Gomez, and German Ventura.

5. The Named Plaintiffs are former laborers (including rebar workers and concrete strippers) who worked for defendants and alleged that they and all other similarly situated employees were paid at straight time for their hours in excess of forty in a week, thereby violating the overtime provisions of the FLSA and NYLL.

6. Defendants filed an Answer on March 28, 2017, and an answer to the First Amended Complaint on March 15, 2018, in each case disputing the material allegations and denying any liability in the proposed class and collective actions. Subsequent amended complaints were filed, and defendants again filed answers disputing the material allegations and denying any liability in the proposed class and collective actions

7. On August 23, 2017, in response to the original plaintiffs' motion, the Court conditionally certified an FLSA collective action in this matter, authorizing notice of the lawsuit to be sent to similarly situated employees.

8. Throughout the collective action opt-in period, seventy-two individuals timely filed consents to join into the FLSA collective action portion of this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Opt-Ins"); each alleged they were similarly situated victims of a common policy by defendants.

## II. Preliminary Approval of Settlement

9. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of David Stein ("Stein Decl."), and all other papers submitted in connection with Plaintiffs'

Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement Agreement and Release ("Settlement Agreement"), attached to the Stein Declaration as **Exhibit 1**.

10. Pursuant to the Settlement Agreement, Defendants agree to pay a Settlement Amount of $2,000,000.00 to resolve Class Members' claims, plus amounts ordered by the Court for Attorneys' Fees (requested in the amount of one third of the Maximum Settlement Amount) and costs, Service Awards (not to exceed a total of $4,500.00 for each named plaintiff), Retaliation Awards (not to exceed a total of $7,500 for each plaintiff who asserted retaliation claims), and Class Settlement Claims Administrator expenses. Defendants have already begun escrowing money in anticipation of settlement approval, and will transmit those funds to a Settlement Claims Administrator within seven (7) business days of the Effective Date of the Settlement; they will remit the balance of the Settlement Amount to the Settlement Administrator in quarterly installments over the ensuing thirty (30) months, beginning thirty (30) days after the Effective Date of the settlement.

11. Defendants will make payments towards the Settlement Amount in quarterly installments.

12. The Settlement Agreement provides that the Settlement Claims Administrator will distribute funds to the Class Members no later than fifteen (15) days after receipt of every second installment payment, such that there will be two distributions per year. Participating Class Members will have one hundred twenty (120) days from the date of the mailing by the Settlement Claims Administrator to cash or deposit their Settlement Checks.

13. To the extent that a check is returned as undeliverable or a Participating Class Member fails to cash a check within one hundred twenty (120) days of its mailing, the Settlement Claims Administrator shall hold those funds in escrow until the Participating Class Member contacts the Settlement Claims Administrator to provide updated contact information.

14. Any funds remaining in the Settlement Claims Administrator's account after the expiration of the thirty-month period for payment of installments, shall be paid as a "cy pres" award to an appropriate charitable organization dedicated to employee rights.

15. The Settlement Agreement provides that every Class Member who does not timely opt out of the settlement will release his or her claims under the FLSA and NYLL and any other state or local law or common law wage and hour claims or retaliation claims from February 22, 2011 through February 28, 2020. Additionally, if the Class Member timely submits a valid Claim Form, he/she will receive a settlement payment determined by the allocation formula described in the paragraph immediately below, in an amount specified by the chart attached as Exhibit D to the Settlement Agreement.

16. Pursuant to an allocation formula, Class Members are allocated a portion of the Net Settlement Amount (which is the Settlement Amount less deductions for Service Awards, Retaliation Awards, attorneys' fees and costs, and Claims Administration fees) based on the calculations for each Class Member from the records provided by Defendants, based on the amount of hours worked as reflected in the defendants' records, or in an estimated amount for individuals whose records are incomplete, plus a fixed amount to compensate for Wage Theft Prevention Act claims.

17. The approval of a proposed class action settlement is a matter of discretion for the trial court. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

18. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *Newberg* § 11.25.

19. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

20. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. The fact that the Settlement Agreement was reached after multiple settlement conferences conducted by the Court reinforces the non-collusive nature of the settlement.

## III. Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes

21. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of

the proposed Settlement Agreement, and setting the date and time of the final approval hearing.

22. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23, for settlement purposes (the "Settlement Class"):

> All employees who worked for Highbury Concrete Inc. as laborers (including, but not limited to, rebar workers, carpenters and concrete strippers) in the state of New York from February 22, 2011 through February 28, 2020 (the "Class Members").

23. Defendants have agreed not to contest, for the purpose of achieving settlement only, that the requirements for class certification under Federal Rule of Civil Procedure 23 have been met. On that basis and for purposes of preliminary approval of the Parties' settlement, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Subject to qualification:

    a. For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are more than 40 Class Members and, thus, joinder is impracticable.

    b. For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because the Named Plaintiffs and the Class Members share common issues of fact and law, including whether Defendants violated the wage and hour laws by failing to pay them overtime premiums or provide them with accurate wage notices and statements.

    c. For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claim for overtime damages arises from the same factual and legal circumstances that form the bases of the Class Members' claims.

d. For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Named Plaintiffs' interests are not antagonistic or at odds with Class Members. Plaintiffs' counsel also meet the adequacy requirement of Rule 23(a)(4) because they are experienced FLSA litigators, and have substantial experience handling large scale wage and hour class and collective actions.

e. For purposes of preliminary approval of the Parties' settlement, Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for the Class Members, particularly those who lack the resources to bring their claims individually.

## IV. Approval of FLSA Collective Settlement for Settlement Purposes

21. The standards for approval of an FLSA settlement and for conditionally certifying an FLSA collective for the purpose of settlement are less demanding than those for conditional certification and approval of a Rule 23 class for the purpose of settlement. Since the parties have demonstrated that Rule 23 approval and certification are appropriate, I find that approval of the FLSA settlement and conditional certification of the FLSA collective are similarly supported.

## V. Appointment of Plaintiffs' Counsel as Class Counsel

22. The Court appoints Stein & Nieporent LLP ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). Plaintiffs' Counsel did substantial work identifying, investigating, and settling Plaintiffs' and

the Class Members' claims. The firm has extensive experience prosecuting and settling wage and hour class and collective actions.

## VI. Notice

23. The Court approves the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Settlement Notice") attached to the Settlement Agreement as **Exhibit B**, as well as the Claim Form attached to the Settlement Agreement as **Exhibit C**. The Court further authorizes Class Counsel to arrange for these documents to be translated into Spanish by a certified translator.

24. The content of the Proposed Settlement Notice fully complies with due process and Federal Rule of Civil Procedure 23.

25. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses: that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

26. The Proposed Settlement Notice meets each of these requirements and adequately put Class Members on notice of the proposed settlement. The Proposed Settlement Notice is appropriate because it describes the terms of the settlement, informs the Class Members about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

27. The Proposed Settlement Notice is reasonable and constitute due, adequate and sufficient notice to the Class Members.

28. The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*;

    a. Defendants will provide Class Counsel with a list, in electronic form, of the name, last known address, and Social Security Number of each Class Member as that information exists on file with Defendants (the "Class List") within thirty (30) days of this Order. Class Counsel will immediately provide the Class List to the Settlement Administrator. All such information shall be treated as confidential and shall be used solely for the purpose of administering the payment of funds under the Settlement Agreement.

    b. Within ten (10) days of receiving the Class List, the Settlement Claims Administrator will mail the appropriate Notice to all Class Members.

    c. Class Members will have sixty (60) days from the date the Settlement Claims Administrator mailed the Notice to the Class Members to submit a claim form, to submit an opt out statement, or to object to the settlement; for Class Members whose mailings are returned as undeliverable and for whom the Settlement Claims Administrator is able to attempt a second mailing,.

    d. The Court will hold a final fairness hearing on _____ at _____ [insert date approximately 120 days from Preliminary Approval Order] at the United States Courthouse for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, Courtroom 11C South.

    e. No later than fourteen (14) days prior to the fairness hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and service awards.

    f. If the Court grants the Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

It is so ORDERED this \_\_ day of _____, 2022.

                                                      _____
                                                      Honorable Peggy Kuo
                                                      United States Magistrate Judge