```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
VINICIO VILLA, JESUS SALVADOR GOMEZ,      :
and GERMAN VENTURA; *on behalf of themselves* :
*and all other persons similarly situated*, :
                                           :      **DECISION AND ORDER**
                                           :
                  Plaintiffs,              :
                                           :      17-CV-984 (PK)
                                           :
          -against-                        :
                                           :
HIGHBURY CONCRETE INC, THOMAS              :
GORMAN, THOMAS FOGARTY, BENNY              :
GRIFFIN, RG LABOR SERVICES INC., and       :
THE LAURA GROUP INC.                       :
                                           :
                  Defendants.              :
------------------------------------------------------------------ x
```

**Peggy Kuo, United States Magistrate Judge:**

In a Third Amended Class Action Complaint, Vinicio Villa, Jesus Salvador Gomez, and German Ventura ("Plaintiffs") brought this action against Highbury Concrete Inc., Thomas Gorman, Thomas Fogarty, Benny Griffin, RG Labor Services Inc., and The Laura Group Inc. ("Defendants"), on behalf of themselves and all similarly situated employees of Defendants. (*See* Third Amended Complaint ("TAC") ¶¶ 28-29, Dkt. 171.) Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Minimum Wage Act, New York Labor Law ("NYLL") §§ 650, *et seq.*; and are liable to Plaintiffs and the class for unpaid wages for overtime work, liquidated damages, and compensation for violation of the Wage Theft Prevention Act. (*See* TAC ¶¶ 1-2.) Plaintiffs further allege that certain Plaintiffs are entitled to equitable and monetary relief as a result of Defendants' retaliation against them. (*Id.* at ¶ 3.)

Plaintiffs and Defendants Highbury Concrete Inc., Gorman, Fogarty, and Griffin (the "Highbury Defendants") have filed a Joint Motion for Preliminary Approval of Class Action

1

Settlement Pursuant to Fed. R. Civ. P. 23(e).[1] ("Motion," Dkt. 207.)  For the reasons stated below, the Motion is granted.

## BACKGROUND

Upon stipulation of the parties, the Court certified a class under Rule 23, consisting of "[a]ll employees who worked for Highbury Concrete Inc. as laborers (including, but not limited to, rebar workers, carpenters and concrete strippers) in the state of New York from February 22, 2011 through [February 28, 2020]."[2] (Stipulation and Order Certifying Class, Dkt. 164.)

The parties executed a Settlement Agreement and Release (the "Settlement Agreement," Dkt. 209-1).  In the Motion, the parties jointly request that the Court issue an Order preliminarily approving the Settlement Agreement under Rule 23(e) ("Proposed Order," Dkt. 207-1); approving the Notice of Proposed Class Action Settlement ("Proposed Class Notice," Dkt. 210-1); approving the Claim Form ("Proposed Claim Form," Dkt. 210-2); and scheduling a fairness hearing.  (Mot. at 1-2.) The parties also request that the Court appoint Stein & Nieporent LLP as Class Counsel ("Plaintiffs' Counsel"). (Pls. Mem. of Law at 1.)

On November 21, 2022, oral argument was heard on the Motion.  (Min. Entry dated Nov. 21, 2022; Oral Argument Transcript Nov. 21, 2022 ("Tr."), Dkt. 211.)

## STANDARDS OF REVIEW

"A class action settlement approval procedure typically occurs in two stages: (1) preliminary approval—where 'prior to notice to the class, a court makes a preliminary evaluation of fairness,' and

---

[1] Default was entered against Defendants RG Labor Services Inc. and The Laura Group Inc. on March 18, 2021.  (*See* Dkt. 180.)  Plaintiffs and Highbury Defendants intend that the final Order approving the Settlement Agreement will include a dismissal with prejudice as to these defaulting Defendants.  (*See* "Pls. Mem. of Law" at 1 .n.1, Dkt. 208.)

[2] The Stipulation and Order sets the collective period as "February 22, 2011 through the date of this Order," which is dated March 3, 2020.  However, in their Memorandum of Law in Support of the Motion, the Settlement Agreement, and the Proposed Class Notice, the parties state that the class period ends on February 28, 2020.  (*See* Pls. Mem. of Law at 2-3; Proposed Class Notice at 1 (ECF pagination), Dkt. 210-1; Settlement Agreement ¶ 1h, Dkt. 209-1.)

(2) final approval—where 'notice of a hearing is given to the class members, [and] class members and settling parties are provided the opportunity to be heard on the question of final court approval.'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019) (alteration in original) (quoting *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-CV-5450, 2016 WL 7625708, at *2 (S.D.N.Y. Dec. 21, 2016)). At the preliminary approval stage, when the Court has already certified a class, it "must consider whether [it] 'will likely be able to . . . approve the proposal under Rule 23(e)(2) . . . .'" *See In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (emphasis omitted) (quoting *In re Payment Card*, 330 F.R.D. at 28).

Factors relevant to the Court's decision whether to approve a proposed class action settlement include "(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members." *Id.* (citing Fed. R. Civ. P. 23(e)(2)). Courts look to the nine "*Grinnell* factors to fill in any gaps and complete the analysis." *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20-CV-456 (RPK)(LB), 2021 WL 7906584, at *5 (E.D.N.Y. May 25, 2021) (collecting cases), *R&R adopted*, Order dated Nov. 22, 2021. These include:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *accord Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).

## DISCUSSION

### I. Preliminary Approval of the Proposed Settlement

Considering both the procedural and substantive factors set forth in Fed. R. Civ. P. 23(e)(2), as well as the *Grinnell* factors, I find that the Court will likely be able to approve the parties' proposed settlement agreement as fair, reasonable, and adequate.

#### A. Rule 23(e)(2) Factors

1. *Adequate Representation by Class Representatives and Class Counsel – Fed. R. Civ. P. 23(e)(2)(A)*

In determining the adequacy of representation by class representatives and class counsel, courts consider "whether (1) plaintiff's interests are antagonistic to the interest[s] of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Mikhlin v. Oasmia Pharm. AB*, No. 19-CV-4349 (NGG)(RER), 2021 WL 1259559, at *4 (E.D.N.Y. Jan. 6, 2021) (alteration in original) (quoting *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007)).[3] "An adequate class representative is one who has 'an interest in vigorously pursuing the claims of the class' and 'no interests antagonistic to the interests of other class members.'" *Id.* (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)). "Courts find class counsel qualified when they are experienced and 'knowledge[able] in the area of complex class actions.'" *Cymbalista*, 2021 WL 7906584, at *5 (alteration in original) (quoting *In re Payment Card*, 330 F.R.D. at 33).

Plaintiffs' interests are not antagonistic to those of other class members. All class members, including Plaintiffs, suffered similar harm because of the same alleged acts and omissions by Defendants. Plaintiffs seek monetary relief on their own behalf and on behalf of the class. (*See* TAC

---

[3] "Because this factor is 'nearly identical to the Rule 23(a)(4) prerequisite of adequate representation in the class certification context,'" the Court's consideration of this factor is guided by Rule 23(a)(4) case law. *Mikhlin*, 2021 WL 1259559, at *4 n.3 (quoting *In re Payment Card*, 330 F.R.D. at 30 n.25).

at 28-29.) There is no reason to doubt the shared interests between Plaintiffs and the other class members.

Plaintiffs' Counsel are qualified, experienced, and have ably conducted the litigation. Over the course of the litigation, which commenced in 2017, Plaintiffs' Counsel have engaged in discovery, motion practice, and settlement discussions. Plaintiffs' Counsel have handled hundreds of wage-and-hour cases in New York and New Jersey. Attorney Stein has been practicing law since 1990 and has been admitted in New York since 2000. (Declaration of David Stein in Support of Mot. ("Stein Decl.") ¶¶ 5-6, Dkt. 209.) Attorney Nieporent has been practicing law since 2001 and has been admitted in New York since 2011. (*Id.* at ¶ 6.)

This factor weighs in favor of preliminary approval.

### 2. *Arm's Length Negotiation – Fed. R. Civ. P. 23(e)(2)(B)*

A class settlement "reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation … 'enjoy[s] a presumption of fairness.'" *In re GSE Bonds*, 414 F. Supp. 3d at 693 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000)); *accord Mikhlin*, 2021 WL 1259559, at *5.

The Settlement Agreement was reached after the parties engaged in three settlement conferences with the undersigned acting as a neutral mediator and continued negotiations without the undersigned's assistance. (*See* Min. Entries dated Aug. 25, 2020, Nov. 16, 2020, Nov. 10, 2021.) Settlement negotiations were conducted at arm's length (*see* Stein Decl. ¶ 28), with experienced and capable counsel representing each side. *See supra.*

This factor weighs in favor of preliminary approval.

### 3. *Adequate Relief for the Class – Fed R. Civ. P. 23(e)(2)(C)*

In evaluating whether the proposed settlement provides adequate relief for the class, the Court considers: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed

5

method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

### a. *Costs, Risks, and Delay of Trial and Appeal – Fed. R. Civ. P. 23(e)(2)(C)(i)*

The first factor set forth under Rule 23(e)(2)(C), "the 'costs, risks, and delay of trial and appeal,' 'subsumes several *Grinnell* factors,' including the complexity, expense and likely duration of litigation, the risks of establishing liability, the risks of establishing damages, and the risks of maintaining the class through trial." *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Payment Card*, 330 F.R.D. at 36); *accord Cymbalista*, 2021 WL 7906584, at *6.

Courts favor settlement when it "results in 'substantial and tangible present recovery, without the attendant risk and delay of trial.'" *In re Payment Card*, 330 F.R.D. at 36 (quoting *Sykes v. Harris*, No. 09-CV-8486, 2016 WL 3030156, at *12 (S.D.N.Y. May 24, 2016) (citation omitted)). Class action lawsuits "have a well-deserved reputation as being most complex." *Id.* (quoting *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (citation omitted)); *see also Garland v. Cohen & Krassner*, No. 08-CV-4626 (KAM)(RLM), 2011 WL 6010211, at *7 (E.D.N.Y. Nov. 29, 2011) ("Given the complexity of any class action lawsuit . . . it is reasonable to assume that absent the instant Settlement, continued litigation would have required extensive time and expense.").

"In considering the risks of establishing liability, the court 'need only assess the risks of litigation against the certainty of recovery under the proposed settlement.'" *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004)). "Settlement is favored in cases in which 'plaintiffs would have faced significant legal and factual obstacles to proving their case.'" *Id.* (quoting *In re Glob. Crossing*, 225 F.R.D. at 459).

The Court also considers the Settlement Agreement's proposed release from liability. *See In re Payment Card*, 330 F.R.D. at 36.

Given the fact-intensive nature of FLSA and NYLL claims, had this case progressed to trial, Plaintiffs would have experienced risk in proving liability and damages. Plaintiffs state that they would have had to devote time and resources to proving that the Highbury Defendants employed each of the class members, which the Highbury Defendants dispute, and to establishing the overtime hours worked by each individual. (*See* Pls. Mem. of Law at 12.) The agreed upon settlement results in a definite monetary payment to class members and avoids the risks, costs, and expenses associated with further litigation. It is expected that if this class action were litigated to final judgment, especially given that there are approximately 750 purported class members, it would be complex and lengthy, and would require both sides to expend considerable time and resources. (*See id.* at 11.)

As to the risk of maintaining the class through trial, the class has been certified since March 3, 2020, and there appears to be little risk that Plaintiffs would be unable to maintain the class through trial. If this case were to proceed, however, Defendants could move to decertify the class. *See In re Payment Card*, 330 F.R.D. at 40 (finding this factor "'weighs in favor of settlement' where 'it is likely that defendants would oppose class certification' if the case were to be litigated" (quoting *Garland*, 2011 WL 6010211, at *8)).

Finally, the releases are properly limited to wage- and hour-related claims under the NYLL, FLSA, and related statutes. (*See* Settlement Agreement ¶¶ 1aa, 13.)

In sum, the "costs, risks and delay of trial and appeal" are significant and weigh in favor of preliminary approval of the proposed settlement. *See* Fed. R. Civ. P. 23(e)(2)(C)(i).

> b. *Effectiveness of Proposed Method of Distributing Relief – Fed. R. Civ. P. 23(e)(2)(C)(ii)*

A court must consider the effectiveness of the parties' "proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). "[U]niform relief to all [class members] … constitutes effective distribution." *Berni v. Barilla G. e R. Fratelli, S.p.A.*, 332 F.R.D. 14, 33 (E.D.N.Y. 2019), *vacated and remanded on other grounds sub nom. Berni v.*

*Barilla S.p.A.*, 964 F.3d 141 (2d Cir. 2020). "A plan for allocating settlement funds 'need not be perfect[,]'" and "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Mikhlin*, 2021 WL 1259559, at *6 (first quoting *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-CV-10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007); then quoting *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005)).

The gross settlement fund is $2 million. (Settlement Agreement ¶ 7a.) To calculate each individual's settlement amount, attorneys' fees and costs, service awards for Named Plaintiffs (Vinicio Villa, Jesus Salvador Gomez, and German Ventura (*id.* at 1)), administration fees, and compensation for the retaliation claims will be deducted from the gross amount. (Pls. Mem. of Law at 5.) The remaining amount (the "Net Settlement Amount") will be distributed on a pro rata basis to class members who did not opt out of the settlement, "pursuant to an allocation formula that takes into account payroll records and that provides estimated damages for class members for whom payroll records do not exist." (*Id.* at 6.)

The Net Settlement amount will be multiplied by a fraction for each "Active Class Member," defined as those who timely return a valid claim form, by calculating the maximum amount owed to that individual as a fraction of the maximum owed to all Active Class Members. (*See* Settlement Agreement ¶¶ 1b, 12d.) The parties explained that if all of the approximately 750 class members timely return claim forms, each individual would likely receive around 10% of what he or she is owed. If only the 72 individuals who previously consented to join the FLSA collective action return their claim forms, each individual will likely receive almost the entire amount that he or she is owed. (Tr. 7:11-8:5, 9:5-14, 9:23-25.)

Plaintiffs will request attorneys' fees of no more than one-third of the Settlement Amount less settlement administration fees and $7,206.70 in costs. (*See* Settlement Agreement ¶ 9a.)

Service awards in amounts up to $4,500.00 will be allocated to Named Plaintiffs. (Pls. Mem. of Law at 6-7; Settlement Agreement ¶ 10a.)

Ten Plaintiffs will request retaliation compensation of up to $7,500.00 each. (Pls. Mem. of Law at 7; Settlement Agreement ¶ 11a.)

Pursuant to the Settlement Agreement, the Highbury Defendants will send settlement payments to the Settlement Administrator four times a year in ten equal payments[4] (Settlement Agreement ¶ 7d), and the Settlement Administrator will distribute settlement checks to Active Class Members and Class Counsel twice a year. (*Id.* at ¶ 7e.) The first payment will be made within thirty days of the first date after the final approval order has been entered and the period to appeal has expired.[5] (*Id.* at ¶ 7d.) Each subsequent installment will be paid three months after the due date of the previous one. (*Id.*)

The distribution plan appears fair and equitable. This factor, therefore, weighs in favor of preliminary approval.

> c.   *Terms of Proposed Award of Attorneys' Fees, Including Timing of Payment – Fed. R. Civ. P. 23(e)(2)(C)(iii)*

"When analyzing the proposed settlement agreement for final approval, this Court will review Plaintiffs' application for attorneys' fees, taking into account the interests of the class." *Hart v. BHH, LLC*, 334 F.R.D. 74, 79 (S.D.N.Y. 2020). One method for calculating attorneys' fees, which is the trend in this Circuit, is the "'percentage of the fund' method." *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 384 (S.D.N.Y. 2017). Under this method, the Court considers whether the requested fees are reasonable as compared to the settlement amount. *Id.* at 385. Factors to consider

---

[4] The Highbury Defendants have placed approximately three or four payments of $75,000 into an escrow account which will be sent to the Settlement Administrator within 10 days of this preliminary approval order. (Settlement Agreement ¶ 7c.) The remaining settlement amount is to be divided into ten equal payments.

[5] If an appeal is filed, the Settlement Agreement provides an alternative method of calculating the date on which the first payment will be made. (*See* Settlement Agreement ¶ 7k.)

include fees awarded in similar cases, the risks to Class Counsel, and the lodestar calculation. *Id.* at 384 (citing *Goldberger*, 209 F. 3d. 43).

Class Counsel will receive no more than one-third of the Settlement Amount less settlement administration fees and $7,206.70 in costs. (*See* Settlement Agreement ¶ 9a.) Plaintiffs have not requested an exact amount of attorneys' fees and Plaintiffs' Counsel has not yet submitted a lodestar calculation. The Court, therefore, withholds judgment on the reasonableness of the requested attorneys' fees until a motion for final settlement approval is filed.

This factor does not weigh against preliminary approval.

### d. *Other Agreements by the Parties – Fed. R. Civ. P. 23(e)(2)(C)(iv)*

The parties are required to "identify[] any agreement made in connection with the [settlement] proposal." Fed. R. Civ. P. 23(e)(3).

The parties have not disclosed the existence of any agreements other than the Settlement Agreement. This factor does not weigh against preliminary approval.

### 4. *Equitable Treatment of Class Members Relative to Each Other – Fed. R. Civ. P. 23(e)(2)(D)*

A court must consider whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). A court may consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.

As stated *supra*, the method of distribution appears fair and equitable. This factor weighs in favor of preliminary approval.

### B. Remaining *Grinnell* Factors

The *Grinnell* factors not covered by Rule 23(e)(2)(C)(i) are the reaction of the class to the settlement, the stage of the proceedings and the amount of discovery completed, the ability of the

defendants to withstand a greater judgment, the range of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. A court's consideration of the stage of the proceedings and the amount of discovery completed "is intended to assure the Court 'that counsel for plaintiffs have weighed their position based on a full consideration of the possibilities facing them.'" *In re Glob. Crossing*, 225 F.R.D. at 458 (quoting *Klein ex rel. Ira v. PDG Remediation, Inc.*, No. 95-CV-4954 (DAB), 1999 WL 38179, at *2-3 (S.D.N.Y. Jan. 28, 1999)).

The Court cannot consider the class's reaction to the proposed settlement until after notice has been provided to the class. The Court is therefore unable to consider this factor at this stage of the proceedings.[6] *See Mikhlin*, 2021 WL 1259559, at *4 n.2; *Caballero ex rel. Tong v. Senior Health Partners, Inc.*, Nos. 16-CV-0326 (CLP), 18-CV-2380 (CLP), 2018 WL 4210136, at *11 (E.D.N.Y. Sept. 4, 2018).

With regard to the remaining factors, this case has been thoroughly litigated for over five years. Plaintiffs' Counsel filed the Motion following extensive motion practice, discovery, and arm's length settlement negotiations. The terms of the Settlement Agreement are comprehensive and provide class members and Plaintiffs with definite monetary relief, especially in light of the risks and inherent uncertainty of trial.

Additionally, there is a risk that Plaintiffs would not be able to collect on a lump sum judgment close to the Settlement Amount, as the Highbury Defendants assert that they do not have sufficient assets to make such a lump sum payment. (Pls. Mem. of Law at 15.)

As stated *supra*, depending on the number of individuals who opt into the settlement, each individual could potentially receive close to all of his or her payments owed. Individuals who return a claim form will be receiving payment for overtime hours that they worked and were not compensated

---

[6] Plaintiffs' Counsel indicated that the Named Plaintiffs support the settlement. (Pls. Mem. of Law at 12-13.)

for, and for a portion of liquidated damages and claims for violations of the Wage Theft Prevention Act. (*Id.* at 16.)

Plaintiffs' Counsel appear to have filed the Motion with "a thorough understanding of the strengths and weaknesses of their case," *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013), and "the requisite information to make [an] informed decision[] about the relative benefits of litigating or settling." *In re Glob. Crossing*, 225 F.R.D. at 458.

This factor weighs in favor of settlement.

*   *   *

Having weighed the Rule 23(e)(2) and *Grinnell* factors, I find that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate.

## II. Distribution of the Class Notice

Once a court has determined that it will likely be able to approve the proposed settlement and certify the class, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ." Fed. R. Civ. P. 23(e)(1)(B). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements . . . . Notice is 'adequate if it may be understood by the average class member.'" *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (citation omitted). At the same time, "[c]ourts in this Circuit have explained that a Rule 23 Notice will satisfy due process when it describes the terms of the settlement generally, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Mikhlin*, 2021 WL 1259559, at *12 (quoting *In re Payment Card*, 330 F.R.D. at 58).

The parties' proposed Class Notice describes this action, the class, and the basic terms of the Settlement Agreement in language that is easy to understand; provides class members with contact information for Class Counsel, instructions on how to exercise their right to object to or to comment

on the settlement, and directions for obtaining a complete copy of the Settlement Agreement; and announces the date, time, and dial-in information for the fairness hearing. (*See* Proposed Class Notice; *see also* Pls. Mem. of Law at 16-17.) The Notice and Proposed Claim Form will also be translated into Spanish. (Stein Decl. ¶¶ 36, 37.) The Proposed Claim Form also includes Class Counsel's contact information, the deadline by which to return the Form, and the release information. (*See* Proposed Claim Form.)

In order to send the Notice and Claim Form to all class members, the Highbury Defendants will provide Class Counsel with all members' names, last known addresses, and Social Security numbers. (Settlement Agreement ¶ 3a.) Class Counsel will provide the information to the Settlement Administrator and have the Notice and Claim Form translated into Spanish. (*Id.* at ¶¶ 3a, 3c.) Within ten days after receiving the list of members and Notice and Claim Form, the Settlement Administrator will send the Notice and Claim Form to all members via first class mail. (*Id.* at ¶ 3e.)

Recipients of the Notice and Claim Form will have sixty days from the date of the mailing to return the Form. (*Id.* at ¶ 1f.)

If any Notice and Claim Form is returned as undeliverable, the Settlement Administrator will take steps to obtain the correct address and re-mail the documents. (*Id.* at ¶ 3f.) Unclaimed funds will be paid as "cy pres" awards to a charity dedicated to employee rights. (*Id.* at ¶ 7i.)

Because the Class Notice apprises class members of the terms of the settlement and of their rights as class members, and because the parties' methods of providing notice appear calculated to reach as many class members as possible, I find that the Class Notice is reasonable under Rule 23 and satisfies constitutional due process.

## CONCLUSION

For the reasons stated above, the Motion is granted and the Settlement Agreement is preliminarily approved. The Notice of Proposed Settlement and Proposed Claim Form are approved.

Stein & Nieporent LLP is appointed as Class Counsel. Plaintiffs are ordered to move for Final Approval of the Settlement Agreement no later than March 14, 2023. A fairness hearing pursuant to Fed. R. Civ. P. 23(e) will be held by telephone on March 28, 2023 at 10:00 a.m. To dial in to the hearing, call toll free (877) 336-1274 and input the Access Code 1453850.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: November 25, 2022
Brooklyn, New York